## Pennsylvania Liquor Control Board v. Lower Saucon Township Volunteer Fire Co.

*Maurice Levin*, Assistant Attorney General, for Pennsylvania Liquor Control Board.

*Alfred P. Antonelli*, for appellant.

FRANCIOSA, J., September 19, 1972.—This is an appeal from an order of the Pennsylvania Liquor Control Board imposing a fine of $200 upon the Lower Saucon Township Volunteer Fire Company. The fine was based on the board's finding that the fire company had furnished alcoholic beverages to a habitual drunkard or person of known intemperate habits.

After the appeal had been filed, counsel for the board and counsel for the licensee stipulated that the matter should be decided by this court on the basis of testimony taken before the board, from which, however, the court was to make its own findings of fact. Those findings are as follows:

On August 6, 1971, a Mrs. Pauline Calko mailed a letter to the fire company stating that her husband, James Calko, was an alcoholic. The letter directed the fire company to refrain from serving her husband any alcoholic beverage. It concluded with an assertion that if the fire company furnished alcoholic beverages to her husband she would "report the matter to the proper authorities." Thereafter, on November 18, 1971, Mrs. Calko was interviewed by Officer Sargeant of the board. As a result of that interview, a citation was issued by the board on information received from Mrs. Calko. An adversary hearing on the citation was held before an examiner of the board on April 5, 1972. The only evidence offered to the examiner was Mrs. Calko's letter of August 6th and her uncorroborated testimony concerning her husband's "drinking habits."

The Liquor Code, in section 493(1), 47 PS §4-493(1), makes it unlawful for any licensee, his servants, agents or employes to sell alcoholic beverages to "persons of known intemperate habits."

In Commonwealth v. Zelt, 138 Pa. 615, 215 Atl. 7 (1891), the Supreme Court wrestled with the interpretation to be placed upon "persons of known intemperate habits" as those words were employed by the legislature to determine a class of persons to whom alcoholic beverages should not be sold. The Zelt pronouncement continues to control the construction of section 493(1). The court there said, at page 626:

"The words in the statute, 'persons of known intem-

perate habits,' are descriptive of a class to whom the dealer sells at his peril. It was urged, however, that such a rule would work injustice; that in many instances, a man's intemperate habits are known to but few persons, perhaps only to members of his own family, or a night watchman . . .—The answer to this is, that a man who conceals his habits does not come within the class. *It is only where his intemperance has become so conspicuous as to form a habit, and that habit is known, not merely to his family or to a night watchman, but to his friends and neighbors and the community in which he lives, that the law forbids and punishes the sale of liquor to him.*" (Italics supplied.)

From our point of view, no evidence was introduced on behalf of the Liquor Control Board to show that James Calko was known as an "intemperate man" in his neighborhood. The board's evidence was confined to the individual opinion of his wife, and the testimony she offered in support of her opinion involved incidents known only to her. Under the Zelt holding, evidence of a man's intemperate habits is insufficient where it merely shows that the habit is known solely by his family; nor is general knowledge established by evidence that the fire company previously had received a letter from Mrs. Calko. Again, this piece of evidence merely shows that her personal opinion that her husband is an alcoholic had been communicated directly to the fire company.

Since the Pennsylvania Liquor Control Board failed to prove by competent evidence that James Calko was known generally as a man of intemperate habits, the fine imposed by the board must be set aside.

### ORDER OF THE COURT

And now, September 19, 1972, the appeal of the

Lower Saucon Township Volunteer Fire Company is sustained and the fine of $200 imposed by the Pennsylvania Liquor Control Board is reversed and set aside.